Sarah Shapero (Bar No. 281748)
Brooke Brewer (Bar No. 352036)
SHAPERO LAW FIRM, PC
100 Pine St., Ste. 530
San Francisco, CA 94111
Phone: (415) 273-3504 | Fax: (415) 358-4116
sarah@shaperolawfirm.com
brooke@shaperolawfirm.com

Attorneys for Plaintiff,
BIHN THANM LAM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIHN THANM LAM, an individual;<br><br>Plaintiff,<br><br>v.<br><br>NEWREZ LLC DBA, SHELLPOINT MORTGAGE SERVICING, a business entity; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. Violation of California Civil Code Section 2923.6<br><br>2. Violation of California Civil Code Section 2923.7<br><br>3. Violation of California Civil Code Section 2924.11<br><br>4. Breach of Contract<br><br>5. Violations of Cal. Business & Professions Code section 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, BIHN THNM LAM, alleges as follows:

## **PARTIES**

1.  Plaintiff, BIHN THNM LAM, is an individual (hereinafter referred to as "Plaintiff").

1

COMPLAINT

2. The real property commonly known as 13694 Eastbridge St., Westminster, CA 92683 ("Subject Property") is located in the County of ORANGE, in the State of California and is the property of Plaintiff.

3. Plaintiff is informed and believes and based thereon alleges that Defendant; NEWREZ LLC DBA, SHELLPOINT MORTGAGE SERVICING ("SHELLPOINT" or "Defendant SHELLPOINT"), is a diversified financial marketing and/or corporation engaged primarily in residential mortgage banking and/or related business and was the servicer of Plaintiff's loan for relevant time periods herein. Plaintiff is informed and believes and thereon alleges that SHELLPOINT regularly conducts business in the State of California.

4. The true names and capacities, whether individual, corporate, partnership, associate, or otherwise of Defendants DOES 1 through 50, are unknown to Plaintiff who sues each Defendant by such fictitious names. Plaintiff is informed and believes and based thereon alleges each of the Defendants designated herein as a fictitiously named Defendant is, and in some manner, was responsible for the events and happenings referred to herein, either contractually or tortuously. When Plaintiff ascertains the true names and capacities of DOES 1 through 50, he will amend this Complaint accordingly.

5. Plaintiff is informed and believes and based thereon alleges that Defendants and each of them, are, and at all times herein mentioned were, the agents, joint ventures, officers, members, representatives, servants, consultants or employees of their co-Defendants, and in committing the acts herein alleged, were acting within the scope of such affiliation with the knowledge, permission, consent or subsequent ratification of their co-Defendants.

**DIVERSITY JURISDICTION**

6. This court has diversity jurisdiction because the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C § 1332(a)

7. Here, the loan in question was for $570,865.00. Therefore, the loan amount exceeds the required minimum amount in controversy of $75,000.00.

8. Plaintiff is, and at all relevant times mentioned resides and maintains his principal residence and home in ORANGE County, California. Therefore, Plaintiff is a citizen of California.

9. Plaintiff is informed and believe Defendant NEWREZ LLC DBA, SHELLPOINT MORTGAGE SERVICING is a limited liability company with a residency in Pennsylvania and New York. An LLC "is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 611–12 (9th Cir. 2016). The citizenship of all members must be alleged, and the burden of establishing jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, according to SHELLPOINT's Statement of Information, Defendant has three members, all of whom have Pennsylvania addresses. In addition, the Statement of Information reflects that Shellpoint Partners LLC, has a New York address. Therefore, Defendant is a citizen of Pennsylvania and New York, and total diversity exists between parties.

## STATEMENT OF FACTS

10. Plaintiff, BIHN THANH LAM, at all relevant times, owned the Property located at 13694 Eastbridge St., Westminster, CA 92683. The Property is a single-family-home and has served as Plaintiff's residence for all times mentioned herein.

11. On or about November 3, 2016, Plaintiff purchased the property via grant deed. Plaintiff concurrently took out a first position loan with Stearns Lending for $570,865.

12. On or about December 1, 2021, Plaintiff's loan was assigned to Lakeview Loan Servicing LLC. Plaintiff's loan servicer was LoanCare LLC.

13. At some point thereafter, Plaintiff experienced financial difficulty, and he struggled to remain current on his loan.

14. On or about July 11, 2023, a Notice of Default ("NOD") was recorded on the Property.

15. On or about February 8, 2024, a Notice of Trustee's Sale ("NOTS") was recorded on the Property.

16. On or about April 24, 2024, after applying for a loan modification, Plaintiff was offered a Trial Payment Plan ("TPP") with Plaintiff's servicer at the time, LoanCare. Plaintiff was ecstatic and he immediately accepted the TPP.

17. However, on or about June 10, 2024, Plaintiff received a letter informing him that the servicer of his loan changed, and the servicing rights were transferred to Defendant Shellpoint. The letter explained that Plaintiff was supposed to make his mortgage payments payable to Shellpoint starting on June 3, 2024.

18. In July 2024, Plaintiff attempted to make his TPP payment, and he sent the payment to Shellpoint.

19. However, Shellpoint informed Plaintiff that they could not accept the payment because they had not received the file from LoanCare yet.

20. Plaintiff then had a conference call with both LoanCare and Shellpoint. The representative from LoanCare said that they had sent everything over to Shellpoint. The representative from Shellpoint said that the issue was a delay on their end.

21. Despite all this, Shellpoint still would not accept Plaintiff's repeated attempts at making his TPP payments and there is a Trustee's Sale for the Property scheduled for August 19, 2024.

22. Plaintiff has demonstrated that he wishes to cure his loan's delinquency and make his TPP payments. However, due to severe deficiencies in Defendant's Loan Assistance Department, it has deprived Plaintiff of that chance, and he stands to lose his home on August 19, 2024. As such, Defendant continues to violate Plaintiff's rights under California law. This lawsuit follows.

## **AGENCY ALLEGATIONS**

23. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each remaining Defendant. Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest. Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

# FIRST CAUSE OF ACTION

## Violations of Cal. Civ. Code § 2923.6

24. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth therein.

25. California Civil Code §2923.6(c) provides, "If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
>
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
>
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

26. At all times relevant, Plaintiff is the owner of the Property and resided therein as his primary and principal residence, thus is a borrower within the meaning of the statute. The subject loan is a first-position mortgage.

27. Plaintiff submitted a complete loan modification application, and he was offered a Trial Payment Plan by his previous loan servicer. On or about April 24, 2024, Plaintiff was offered a Trial Payment Plan ("TPP") with Plaintiff's servicer at the time, LoanCare. Plaintiff was ecstatic and he immediately accepted the TPP.

28. After the servicing transfer to Shellpoint on or about June 10, 2024, Plaintiff has attempted to make his payments under the TPP. However, Defendant Shellpoint will not accept his payments, despite Defendant admitting to Plaintiff that the issue was a delay on their end.

29. Despite all this, Shellpoint still will not accept Plaintiff's attempts at making his TPP payments and there is a Trustee's Sale for the Property scheduled for August 19, 2024.

30. Pursuant to Civil Code § 2924.12, Plaintiff is entitled to injunctive relief for these material violations and attorney's fees.

**SECOND CAUSE OF ACTION**
**Violation of Cal. Civ. Code § 2923.7**

31. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth therein.

32. California Civil Code § 2923.7(a) provides that when a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a Single Point of Contact ("SPOC") and provide to the borrower one or more direct means of communication with the single point of contact.

33. California Civil Code § 2923.7(b) provides the SPOC must (1) communicate the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options and (2) have access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.

34. At all times relevant, Plaintiff is the owner of the Property and resided therein as his primary and principal residence, thus is a borrower within the meaning of the statute. The subject loan is a first-position mortgage.

35. Plaintiff submitted a request for mortgage assistance to LoanCare while LoanCare was still the servicer. Plaintiff was offered a TPP, which he promptly accepted. Thereafter, the servicing rights to Plaintiff's loan was transferred to Defendant Shellpoint.

36. In July 2024, Plaintiff attempted to make his TPP payment, and he sent it to Shellpoint.

37. However, Shellpoint informed Plaintiff that they could not accept the payment because they had not received the file from LoanCare yet.

38. Plaintiff then had a conference call with LoanCare and Shellpoint. The representative from LoanCare said that they had sent everything over to Shellpoint. The representative from Shellpoint said that the issue was a delay on their end.

39. Despite all this, Shellpoint still would not accept Plaintiff's attempts at making his TPP payments and there is a Trustee's Sale for the Property scheduled for August 19, 2024.

40. Defendant violated Cal. Civ. Code § 2923.7 by failing to provide Plaintiff with a single point of contact who could fulfill all their statutory duties.

41. As stated above, Defendant's loss mitigation procedures in this case are wholly deficient. Further, Defendant plans on conducting a Trustee's Sale on August 19, 2024. There is insufficient personnel to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative and to communicate deadlines for any required submissions.

42. Defendant's violations of California Civil Code § 2923.7, entitles Plaintiff to injunctive relief, as well as attorney's fees. (Cal. Civ. Code § 2924.12(h).)

## THIRD CAUSE OF ACTION

### Violation of Cal. Civ. Code § 2924.11

43. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth therein.

44. California Civil Code § 2923.7(g) provides in relevant part: "If a borrower has been approved in writing for a first lien loan modification or other foreclosure prevention alternative, and the servicing of that borrower's loan is transferred or sold to another mortgage servicer, the subsequent mortgage servicer shall continue to honor any previously approved first lien loan modification or other foreclosure prevention alternative."

45. At all times relevant, Plaintiff is the owner of the Property and resided therein as his primary and principal residence, thus is a borrower within the meaning of the statute. The subject loan is a first-position mortgage.

46. Here, on or about April 24, 2024, Plaintiff was offered a Trial Payment Plan ("TPP") by LoanCare. Plaintiff was ecstatic and he immediately accepted the TPP.

47. However, on or about June 10, 2024, Plaintiff received a letter informing him that the servicer of his loan changed, and the servicing rights were transferred to Defendant Shellpoint. The letter explained that Plaintiff was supposed to make his mortgage payments payable to Shellpoint starting on June 3, 2024.

48. In July 2024, Plaintiff attempted to make his TPP payment, and he sent it to Shellpoint.

49. However, Shellpoint informed Plaintiff that they could not accept the payment because they had not received the file from LoanCare yet.

50. Plaintiff then had a conference call with LoanCare and Shellpoint. The representative from LoanCare said that they had sent everything over to Shellpoint. The representative from Shellpoint said that the issue was a delay on their end.

51. Despite all this, Shellpoint still would not accept Plaintiff's attempts at making his TPP payments.

52. Defendant violated California Civil Code § 2924.11 by failing to honor any previously approved first lien loan modification or other foreclosure prevention alternative. Because of Defendant's failure to honor the TPP, Plaintiff stands to lose his home on August 19, 2024.

53. Defendant's violations of California Civil Code § 2924.11, entitles Plaintiff to injunctive relief, as well as attorney's fees. (Cal. Civ. Code § 2924.12(h).)

## FOURTH CAUSE OF ACTION

### Breach of Contract

54. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth therein.

55. To recover on a breach of contract action, Plaintiff must show: (1) the parties entered a contract; (2) Plaintiff did all, or substantially all, the significant things the contract required them to do; (3) all conditions required by the contract for Defendant's performance had occurred; (4) Defendant failed to do something that the contract required it to do; and (5) Plaintiff was harmed by that failure.

56. Plaintiff and Defendant entered a contract after Plaintiff accepted the TPP with LoanCare and the servicing rights were later transferred to Shellpoint. Under Cal. Civ. Code § 2924.11,

Shellpoint was required to honor any previously approved first lien loan modification or other foreclosure prevention alternative.

57. Plaintiff attempted to make his payments on the TPP. However, after the servicing rights of Plaintiff's loan were transferred to Defendant, Defendant refused to accept Plaintiff's payments under the TPP.

58. Plaintiff performed all duties and obligations required of him, except those duties and obligations which Plaintiff was excused from performing or had yet to become due.

59. Defendant breached the TPP by failing to accept Plaintiff's payments despite Plaintiff being ready, willing, and able to perform all conditions required in accordance with the terms of the TPP.

60. As a direct result of Defendant's breach of the TPP, Plaintiff has suffered damages in an amount to be determined according to proof at trial.

### FIFTH CAUSE OF ACTION
**Unfair Competition**
**Violation of Business and Professions Code Section 17200 et seq**.

61. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth therein.

62. Defendant's conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 et seq. California Business and Professions Code § 17200 et seq. incorporates and provides a basis for enforcement of violations of other statutes and laws and those violations as a business practice.

63. Specifically, Defendant's violations of California Civil Code §§ 2923.6, 2923.7, and 2924.11 and Breach of Contract constitutes unfair business practices in violation of California Business and Professions Code § 17200 et seq.

64. As a result of Defendant's wrongful conduct, Plaintiff has suffered various injuries according to proof at trial, including but not limited to the imminent loss of their home.

65. Likewise, Plaintiff was injured and suffered actual damages including but not limited to, loss of money and property, loss of reputation and goodwill, and severe emotional distress, according to proof at trial but within the jurisdiction of this Court.

66. Plaintiff seeks injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

67. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorney's fees, and such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiff BIHN THANM LAM demands a trial by jury. Plaintiff prays for judgment against Defendant as follows:

1. That judgment is entered in Plaintiff's favor and against Defendant;
2. For damages, disgorgement, and injunctive relief;
3. For compensatory damages, attorneys' fees, and costs according to proof at trial;
4. For declaratory relief;

DATED: August 15, 2024            Respectfully submitted,

                                  SHAPERO LAW FIRM, PC

                                  /s/Sarah Shapero
                                  Sarah Shapero
                                  Brooke Brewer
                                  Attorneys for Plaintiff
                                  BIHN THANM LAM